(Pleito No. 27.—Fallado el 1º de Marzo de 1900.)

## Font contra Moral. .

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

Transferencia. La transferencia de una póliza de seguros, hecha de buena fe, en documento privado es válida y surte sus efectos aún contra tercero.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á primero de Marzo de mil novecientos, en el pleito seguido en el extinguido Juzgado de 1ª Instancia de Catedral y en el Tribunal del Distrito de San Juan por los Sres. Moral, Gonzalez y Cª, del comercio de Mayagüez, con Don Juan Bautista Font, vecino y comerciante de esta Ciudad y con los estrados correspondientes, en representación de Don Vicente Sulsona, sobre tercería de dominio, pendiente ante

Nos, en virtud de recurso de casación por infracción de ley, interpuesto por Don Juan Bautista Font y en su defensa y representación por el Licenciado Don Wenceslao Bosch, habiéndolo estado los Sres. Moral, González y C.ª por el Letrado Don Hilario Cuevillas Hernández. — Resultando: Que Don Vicente Sulsona aseguró varios bienes contra incendio por la suma de diez y seis mil pesos, siendo comerciante el asegurador y el contrato á prima fija.— Resultando: Que ocurrido el siniestro, Sulsona en dos de Marzo de mil ochocientos noventa y siete cedió y traspasó, por nota puesta en la misma póliza, sus derechos y acciones á los Sres. Moral, González y C.ª por valor entendido, quedando éstos autorizados para hacer á la Compañía aseguradora las rebajas que procediesen por no haber sido destruidos totalmente los efectos asegurados.—Esta cesión se puso en conocimiento de los Sres. Schnabel y C.ª, de Aguadilla, representantes en esta Isla de la Compañía aseguradora. —Resultando: Que en veinte y ocho de Marzo de mil ochocientos noventa y siete se aceptó la cesión por Schnabel, limitándose, de común acuerdo, la indemnización á doce mil pesos por los daños sufridos y subordinando el pago á la aprobación de la casa aseguradora. El diez de Junio del citado año mil ochocientos noventa y siete recibieron Moral, González y C.ª once mil doscientos pesos por toda indemnización, quedando la póliza cancelada y sin valor. Esa suma la abonaron Moral, González y C.ª á la cuenta de Sulsona y le reclamaron el resto de una deuda mayor contraída, pagándola éste con documentos que se descontaron, quedando así saldada la cuenta de Sulsona.—Resultando: Que por virtud de un pagaré de mil trescientos veinte y cuatro pesos treinta centavos, suscrito por Don Vicente Sulsona á los Sres. Font y Vidal ó á su orden y endosado por éstos á Don Juan Bautista Font, se decretó el embargo preventivo de los bienes del deudor, haciéndose traba en la referida póliza de seguro por mil quinientos veinticuatro pesos treinta centavos, contestando en diez y nueve de Abril

de mil ochocientos noventa y siete los Sres. Schnabel, de Aguadilla, que estaba cedida, según aviso recibido, á los Sres. Moral, González y C?, de Mayagüez y, en nuevo requerimiento hecho, se limitaron á manifestar que quedaban enterados.—Resultando: Que por razón de tal embargo, dedujeron los Sres. Moral, González y C? la demanda de tercería de dominio que ha motivado estos autos, para que se declarase que la póliza embargada por Don Juan Bautista Font era de la exclusiva propiedad de los demandantes, ordenando en su consecuencia que se alzara el embargo y se dejaran á su disposición los mil quinientos veinte y cuatro pesos treinta centavos á cuyo efecto alegó, además de los hechos que se han referido, que el embargo preventivo verificado en diez y nueve de Abril de mil ochocientos noventa y siete, fué muy posterior á la cesión hecha por Sulsona á favor de Moral, González y C?, en dos de Marzo, porque, además, éstos aceptaron la cesión de persona que pudo hacerla y en tiempo en que no existía obstáculo legal ni judicial que impidiese el contrato.—Resultando: Que el ejecutante impugnó la demanda porque como fundamento de la acción de dominio, sólo se presentó una escritura de rescisión parcial de pago en la que consta todo lo que se ha relacionado en los resultandos segundo y tercero, no presentándose la póliza original con el primer escrito y sí después porque se negó á entregarla la casa de Schnabel y C? y además y principalmente porque siendo la póliza y cesión documentos privados no puede contarse la fecha del traspaso respecto á terceros sino cuando se cumplen los requisitos que categóricamente expresa el artículo 1,227 del Código Civil; que se ha violado la cláusula número 16? de la póliza que dice: " sobre indemnizaciones de siniestros la Compañía no " tratará con nadie sino únicamente con el asegurado, y sólo " cuando ya está fijado y convenido el monto de indemni- " zación, se podrá entender con terceros que por cesión " aceptada por el representante de la Compañía hubiesen de " hecho de intervenir en el asunto."—Resultando: Que

acusada la rebeldía al ejecutado, evacuó la sociedad demandante el trámite de réplica, acompañando una copia de la póliza insistiendo en su demanda y añadiendo á lo en ella alegado, que el contrato de seguros es mercantil, que la cesión se hizo legalmente en documento privado y que surte todos sus efectos puesto que esas operaciones se rigen exclusivamente por el Código de Comercio.—Resultando: Que el demandado Don Juan Bautista Font reprodujo en la súplica las alegaciones de su escrito de contestación añadiendo como importante que la copia de la póliza no es bastante porque el derecho arranca de la original; y recibido el pleito á prueba se practicaron las que las partes propusieron y se declararon pertinentes, trayéndose en este período la póliza original del seguro.—Resultando: Que el Juez de 1ª Instancia del extinguido Juzgado de Catedral dictó sentencia que revocó el Tribunal del Distrito de San Juan, sin especial condenación de costas en ambas instancias, declarando con lugar la tercería de dominio sobre la póliza de seguros de incendio expedida á favor de Don Vicente Sulsona, interpuesta por Moral, González y Cª á los procedimientos de apremio que en juicio ejecutivo siguiera Don Juan Bautista Font contra dicho Sulsona.—Resultando: Que Don Juan Bautista Font interpuso recurso de casación autorizado por el artículo 78 de la Orden General número 1º dice, debe ser 118, 1,689 número 1º y 1,690 de la Ley de Enjuiciamiento Civil contra la sentencia de diez y ocho de Octubre del año anterior por los motivos siguientes: 1º Porque infringe los artículos 1,526 y 1,227 del Código Civil referentes á que la cesión de un crédito, derecho ó acción hecha en documento privado, no surtiría efecto contra tercero sino desde el día en que hubiese sido incorporado ó inscrito en un registro público, desde la muerte de cualquiera de los que lo firmaron ó desde el día en que se entregase á un funcionario público por razón de su oficio y como en dicha cesión no concurren ninguno de esos requisitos, no puede en fecha dos de Marzo de mil ochocientos noventa y siete, perjudicar al tercero Don

Juan Bautista Font que embargó preventivamente el diez y nueve de Abril del mismo año.—2? Porque infringe el artículo 1,216 de dicho texto legal, puesto que se considera la cesión como si fuera hecha en documento público cuando sólo tienen ese carácter los autorizados por notario ó empleado público competente, con las solemnidades requeridas por la Ley, de cuyos requisitos carece la póliza y la cesión.—3? Por interpretación errónea de los artículos 347 y 348 del Código de Comercio, porque ni en ellos ni en otro alguno del texto citado, se indican las solemnidades y requisitos que deben contener esas cesiones, y cuales sean sus efectos según se otorguen en documento público ó privado, y por esa omisión, cumpliendo el artículo 50 del Código de Comercio, hay que acudir al Civil y á sus artículos 1,218 y 1,227 citados.—4? Por infracción del artículo 380 del Código de Comercio, puesto que en el 4? fundamento de derecho de la sentencia recurrida, se afirma que el Código de Comercio considera á la póliza de seguro contra incendio como documento de crédito mercantil, siendo así que ni del artículo citado ni de otro alguno se deriva tal afirmación.—5? Por haberse infringido los artículos 461 y 532 de dicho Código, porque se estima la cesión hecha como un endoso, siendo así que sólo son endosables las letras de cambio y las libranzas, vales y pagarés á la orden.—6? El artículo 1,281 del Código Civil, porque se interpretó con manifiesto error la cláusula 16ª del contrato, que es la póliza, y que se copió literalmente en uno de los anteriores resuldandos.—7? Infringe la sentencia, según el recurrente, el artículo 1,261 del Código Civil, porque el contrato quedó perfeccionado cuando Moral, González y Cª, abonaron á Sulsona los once mil doscientos pesos que fué, según sus libros, doce de Junio de mil ochocientos noventa y siete, fecha posterior á la del embargo discutido.—8? Por infracción del artículo 1,114 del Código Civil, puesto que el pago de la cantidad se subordinó á la aprobación de la Compañía y sólo quedó perfeccionado el contrato cuando Moral, Gonzalez y Cª recibieron la can-

tidad ó sea algún tiempo después del embargo practicado.—
Resultando: Que dicho recurso fué impugnado en el acto de
la vista por los Sres. Moral, González y Cª por medio
de su Letrado director.—Visto: Siendo Ponente el Juez Aso-
ciado Don José Mª Figueras Chiqués.—Considerando: Que
tratándose de una transferencia de crédito no endosable que
las partes han convenido que cae bajo la sanción del Código
de Comercio, se limita la cuestión principal á resolver si la
hecha en documento privado sin los requisitos del artículo
1,227 del Código Civil, surte efecto desde su fecha contra el
que se titula tercero, que es el recurrente.—Considerando:
Que como premisa principal hay que tener en cuenta que el
Código de Comercio vigente, constituye, como dice su expo-
sición de motivos, un derecho propio é independiente con
principios fijos derivados del derecho natural y de la índole
de las operaciones mercantiles.—Considerando: Bajo este
supuesto que si el Código de Comercio en su artículo 347
autoriza las transferencias de esta clase de créditos con la
sola condición de ponerla en conocimiento del deudor, como
así se ha hecho, es claro que ha de surtir todos sus efectos
desde el día en que se realizó el contrato, porque ese documen-
to por su naturaleza mercantil lleva aparejada la buena fe en
su fecha y su contenido en cuanto no se demuestre en
juicio lo contrario.—Considerando: Que si bien por el artículo
50 del Código de Comercio, se subordina la validez de
los contratos á la prueba de su existencia por alguno de los
medios que el derecho civil tenga establecidos, hay la
excepción de esta regla en el artículo 52 respecto á los
contratos que con arreglo al Código de Comercio ó á leyes
especiales, deban reducirse á escrituras ó requieran formas ó
solemnidades necesarias para su eficacia, y como en el
caso presente se han cumplido los requisitos determinados
por los artículos 382 y 347 de dicho Código, no cabe duda
que surte todos sus efectos aún contra el titulado tercero
Don Juan Bautista Font.  Considerando: Que la inter-
pretación contraria se opondría á la celeridad y naturaleza

especial de las operaciones de comercio.—Considerando: Que por las razones expuestas no se ha infringido ninguna de las disposiciones á que se refieren los motivos 1º, 2º, 3º y 4º—Considerando: En cuanto al 5º motivo que si bien la póliza es la Ley del contrato, pudo como condición beneficiosa para la Compañía, renunciàr al cumplimiento estricto de la condición 16ª sin que por ese solo hecho se haya atenuado en lo más mínimo la naturaleza y valor del contrato celebrado, como tampoco se han infringido los artículos 1,261 y 1,114 del Código Civil, porque de que el abono en los libros se hiciese en doce de Junio de mil ochocientos noventa y siete no se deduce que no existiese el consentimiento de los contratantes en la fecha en que se realizó la cesión; y la subordinación á la aprobación de la compañía fué del pago, no del contrato, aprobado ya por los representantes sin condición alguna.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Juan Bautista Font á quien condenamos al pago de las costas de este recurso y líbrese al Tribunal del Distrito de San Juan la certificación correspondiente con devolución de los autos que ha remitido.—Así por esta nuestra sentencia, que se publicará en la Gaceta Oficial lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á primero de Marzo de mil novecientos.—E. de J. López Gaztambide.